**SO ORDERED.**

**SIGNED this 8 day of September, 2017.**

_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. 17-00561-5-DMW |
| IGNACIO ANTOINNE ALOMIA | CHAPTER 13 |
| DEBTOR | |

**ORDER DENYING APPLICATION TO INCUR DEBT**

The matter before the court is the Application to Incur Debt (For Purpose of Obtaining Educational Loans) ("Application") filed by Ignacio Antoinne Alomia ("Debtor") on August 23, 2017. The court conducted a hearing on September 6, 2017 in Raleigh, North Carolina. Jason David Watson, Esq. appeared for the Debtor, and Michael B. Burnett, Esq. appeared for Chapter 13 trustee John F. Logan, Esq. ("Trustee"). Based upon the evidence presented and arguments of counsel, the court makes the following findings of facts and conclusions of law:

1. This matter is a core proceeding which this court has the authority to hear and determine pursuant to 28 U.S.C. § 157(b)(1). The court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334 and the General Order of Reference entered August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

2. On February 3, 2017, the Debtor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code, and the court appointed the Trustee to administer the case pursuant to 11 U.S.C. § 1302.

3. The Debtor's Proposed Chapter 13 Plan ("Plan") filed on February 3, 2017 provides for the Debtor to pay the Trustee $493.00 per month for 60 months. The Plan has not been confirmed, and on July 20, 2017, the Trustee filed a Trustee's Objection to Confirmation and Motion to Dismiss ("Motion to Dismiss"), asserting that the Debtor was in default for three (3) payments totaling $1,477.00. The Debtor filed an Opposition to Motion to Dismiss on July 31, 2017, proposing resumption of Plan payments and an approximate six month cure of the arrearage. The parties advised the court that they are in the process of negotiating an appropriate settlement of the Motion to Dismiss.

4. The Debtor has been accepted to Texas Southern University in Houston, Texas to pursue a master's degree in Management Information Systems and is seeking court authority to borrow his first year's tuition in the amount of $20,500.00 through the Federal Stafford Loan Program. The Debtor has already relocated to Houston, commenced school, and secured employment which he believes will allow him to cure and then remain current with his Plan. The Debtor's counsel proffers that the Debtor will not be obligated to make payments on the educational loans until after completion of his anticipated degree, at which time either his Chapter 13 plan will be completed or the Debtor will be qualified for employment with higher income to offset the increased expense.

5. This district's local rules prohibit a Chapter 13 debtor from incurring debt of $7,500.00 or more without prior court approval. E.D.N.C. LBR 4002-1(g)(5). While the court commends the Debtor for seeking to further his education and improve his employment and

income prospects, the court will not allow the Debtor to incur the proposed debt while he remains delinquent in his Plan; now therefore,

IT IS ORDERED, ADJUDGED, AND DECREED that the Application be, and hereby is, denied without prejudice.

**END OF DOCUMENT**